UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

JOHN HOWARD OVERSTREET                                           PLAINTIFF

VERSUS                                   CIVIL ACTION NO. 2:20-CV-124-KS-RPM

DOUG MILLER, ET AL.,                                           DEFENDANTS

**REPORT AND RECOMMENDATIONS**

I. BACKGROUND

Plaintiff John Howard Overstreet ("Overstreet"), proceeding *pro se* and *in forma pauperis*, filed a 42 U.S.C. § 1983 prisoner civil rights complaint on July 8, 2020. Doc. [1]. The facts underlying Overstreet's Complaint arise from a state-court sentence he received following a plea of guilty. Doc. [4-4]. On June 23, 2020, Overstreet pled guilty to the charge of Sex Offender Living Within 3000 Feet of a School. Doc. [4-3]. He was sentenced to probation for a term of five years. *Id*. Overstreet alleges he was required to wear an ankle monitor as a condition of probation. According to Overstreet, his appointed public defender, Defendant Chip Lewis ("Lewis"), Defendant prosecutor Doug Miller ("Miller"), and Defendant state-court judge Prentiss Harrell ("Judge Harrell") failed to inform him that he would be required to wear the monitor as a condition of his probation. *Id*., at 4–5; Ex. 2, at 1.1.[1]

The Court entered two Orders to Show Cause requesting additional information from Overstreet. Doc. [11]. Overstreet's first response lacked sufficient clarity. Doc. [12]. In his second

---

[1] In passing, Overstreet also suggests that it is unconstitutional to require him to wear a GPS monitor because he lives more than 3,000 feet from a school in light of a 2015 Supreme Court decision. *Id*., Ex. 2, at 3–4. However, the case that he relies on has nothing to do with that question. *See generally Grady v. North Carolina*, 575 U.S. 306 (2015) (per curiam). Furthermore, the Supreme Court did not conclude that GPS bracelet monitors were unconstitutional under the Fourth Amendment, only that GPS bracelets constitute a Fourth Amendment search. *Id*. at 310. To the extent that Overstreet relies on this case, his reliance is misplaced.

response, he essentially repeated the same arguments. Doc. [14]. He later filed Motions for Proper Judgment and Summary Judgment in October 2021, which were denied. Doc. [16, 19, 20].

II. APPLICABLE LAW

A plaintiff must plead, "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the conduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Gonzalez v. Kay*, 577 F.3d 600, 603 (5th Cir. 2009). In reviewing the filings under Federal Rule of Civil Procedure 12(b)(6), this Court accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff. *See Alexander v. AmeriPro Funding, Inc.*, 48 F.3d 68, 701 (5th Cir. 2017) (citing *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004)). However, the Court does not apply the same presumption to conclusory statements or legal conclusions. *Iqbal*, 556 U.S. at 678–79. The court possesses the inherent authority to dismiss an action *sua sponte*, without motion by a defendant. *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630–31 (1962)); *See Gaffney v. State Farm Fire and Cas. Co.*, 294 F. App'x 975, 977 (5th Cir. 2008) (recognizing inherent authority to dismiss *sua sponte* for failure to state a claim if the procedure employed is fair).

Overstreet is proceeding in this case *in forma pauperis*. His complaint is subject to *sua sponte* dismissal under 28 U.S.C. § 1915(e)(2), which mandates dismissal "at any time" if the court determines that the action "fails to state a claim on which relief may be granted" or "is frivolous or malicious." 28 U.S.C. Section 1915(e)(2)(B); *see Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir. 1990) (recognizing the court's authority "to test the proceeding" and deeming appropriate *sua sponte* evaluation of the claim's merit).

A complaint is frivolous, "if it lacks an arguable basis in law or in fact." *Biliski v. Harborth*, 55 F.3d 160, 162 (5th Cir. 1995). "A complaint lacks an arguable basis in law if it is based on an indisputably meritless legal theory[.]" *Perry v. Tex. Dep't of Criminal Justice*, 275 F. App'x. 277, 278 (5th Cir. 2008) (quoting *Harper v. Showers*, 174 F.3d 716, 718 (5th Cir. 1999)). This Court is "vested with especially broad discretion in making the determination of whether an [*in forma pauperis*] proceeding is frivolous." *Green v. McKaskle*, 788 F.2d 1116, 1119 (5th Cir. 1986). This discretion exists by reason that, "the *in forma pauperis* provision allows persons to bring their claims in federal court without the usual costs associated with litigation." *Wells v. U.S. Dep't of Educ. Off. for C.R.*, 450 F. App'x 431 (5th Cir. 2011).

III. DISCUSSION

  a. Judicial Immunity

A judge's actions are protected by absolute judicial immunity, which is overcome in only two scenarios: (a) where the actions are: "not taken in the judge's judicial capacity" or (b) where they are "taken in the complete absence of all jurisdiction." *Mireles v. Waco*, 502 U.S. 9, 11–12 (1991) (per curiam). In determining whether there is a complete absence of jurisdiction in the context of judicial immunity, "the scope of the judge's jurisdiction must be construed broadly." *Stump v. Sparkman*, 435 U.S. 349, 356 (1978). Judge Harrell enjoys absolute immunity from suit when performing acts within his judicial capacity. *See Boyd v. Biggers*, 31 F.3d 279, 284 (5th Cir. 1994). Judicial functions include actions taken during sentencing. *Lopez v. Vanderwater,* 620 F.2d 1229, 1235 (7th Cir. 1980), *cert. denied,* 449 U.S. 1028 (1980) (judge immune for actions of arraigning, convicting and sentencing).

As to judicial capacity, Overstreet's complaint stems from the probation conditions set by Judge Harrell following Overstreet's plea of guilty. Doc. [15]. In his show cause response, Overstreet does not identify any actions taken by Judge Harrell that were nonjudicial in nature.

3

Rather, he merely asserts that Judge Harrell acted improperly by requiring an ankle monitor as part of Overstreet's sentence. He argues, "Judge Harrell's responsibility was to not place such a device on me because I was in compliance with state law . . . ." Doc. [15], at 2. This dispute concerns actions taken entirely at the sentencing phase. There is no legitimate argument that Judge Harrell was not acting within his judicial capacity. *See Malina v. Gonzales*, 994 F.2d 1121, 1124 (5th Cir. 1993) (citing *Lopez*, 620 F.2d at 1235). As to jurisdiction, Overstreet provides no concrete allegations explaining why Judge Harrell lacked jurisdiction. Judge Harrell, at all times relevant, was a circuit judge with the 15th Circuit Court of Mississippi. Doc. [1-4].

Based on the reading of Overstreet's Complaint, taken in the light most favorable to Overstreet, Overstreet has failed to state a claim upon which relief could be granted on this issue. Judge Harrell's actions of sentencing Overstreet to five years' probation with a condition of an ankle monitor was a judicial act, and not taken in the clear absence of subject-matter jurisdiction. Thus, under no set of facts can Overstreet overcome Judge Harrell's entitlement to immunity for the sentence.

 b. Prosecutorial Immunity

Overstreet argues that Miller violated his constitutional rights when he suggested, at sentencing, Overstreet be subjected to an ankle monitor. Doc. [15], at 2. Like judicial immunity, prosecutorial immunity is an immunity from suit and, as a result, the immunity issue is "a threshold question, to be resolved as early in the proceedings as possible." *Boyd*, 31 F.3d at 284. Assistant District Attorneys enjoy absolute immunity from § 1983 actions related to "initiating a prosecution and . . . presenting the State's case" as well as any activities "intimately associated with the judicial phase of the criminal process." *Doe v. Harris Cnty., Tex.*, 751 F. App'x 545, 548 (5th Cir. 2018) (quoting *Imbler v. Pachtman*, 424 U.S. 409, 430–31 (1976)). Overstreet alleges it was improper for Miller to recommend an ankle monitor at sentencing. In his second show cause response,

4

Overstreet argues, "Miller is responsible for my sentence because he had the sole responsibility to prosecute it . . . his responsibility was to recommend different sentences, and that was his doing." Doc. [15], at 2. Overstreet fails to allege any action by Miller that was not associated with a judicial phase of the criminal process or was unrelated to the prosecution. Thus, prosecutorial immunity protects Miller from Overstreet's claims.

   c. Claim against Defense Counsel

Overstreet argues that his defense counsel, public defender Lewis, failed to provide sufficient legal advice. This is not a viable claim under §1983 because neither appointed nor retained counsel act under color of state law in representing a defendant at trial or on direct appeal. *See Polk Cnty. v. Dodson*, 454 U.S. 312, 325 (1981) (holding that "a public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding").

A public defender, while not a state actor, may be liable under § 1983 if he, "has conspired with a state actor to deprive a person of his constitutional rights." *Lawson v. Speetjens*, 42 F.3d 642, 1994 WL 708665, at *3 n.2 (5th Cir. Dec. 6, 1994); *see also Mills v. Criminal District Court # 3*, 837 F.2d 677, 679 (5th Cir. 1988). Overstreet provides vague, conclusory assertions that, "each defendant conspired to place GPS Monitor" [on him] and that he, "believes when Lewis, [and] Miller was in chambers with Harrell discussing, it was when the topic about me wearing an ankle monitor was brought up . . ." Doc. [1], at 4; Doc. [15], at 3. Conclusory allegations of conspiracy fail to state a § 1983 cause of action. *See Small v. Dallas Cnty, Tex.*, 170 F. App'x 943, 944 (5th Cir. 2006); *Russell v. Millsap*, 781 F.2d 381, 383 (5th Cir. 1985). "Plaintiffs who assert conspiracy claims under civil rights statutes must plead the operative facts upon which their claim is based. Bald allegations that a conspiracy existed are insufficient." *Lynch v. Cannatella*, 810 F.2d 1363, 1369–70 (5th Cir. 1987). In this case, Overstreet has not advanced

5

specific factual allegations tending to show that Lewis conspired with Miller or Judge Harrell to require an ankle monitor as part of his sentence. A mere assertion that each Defendant may have spoken in chambers at some point in the case, as no date is specified by Overstreet, is insufficient. Overstreet does not provide a concrete allegation concerning the deprivation of a constitutional right by Lewis. Despite extensive leave from the Court to clarify his allegations in multiple show cause orders, Overstreet provides merely a bald allegation that lacks plausible, operative facts.

Moreover, Overstreet's claim suggests that Lewis provided ineffective assistance by failing to inform him of the ankle monitor requirement. Doc. [1], at 5. Seeking clarity, the Court requested, in its second Order to Show Cause, that Overstreet explain why he can proceed with a § 1983 lawsuit against Lewis for a traditional function taken by counsel. Doc. [14]. Overstreet provided no such insight. Rather, he continues to allege: "I believe it was his job to inform, keep me informed as to what I must and should do about things at all points of the process. No ankle monitor was talked about . . ." Doc. [15], at 3. But, such claims concerning ineffective assistance of counsel, are incognizable in a § 1983 action." *Hudson v. Hughes,* 98 F.3d 868, 873 (5th Cir. 1996); *O'Brien v. Colbath*, 465 F.2d 358, 359 (5th Cir. 1972) ("[I]n our opinion [§ 1983] was never intended as a vehicle for prosecuting malpractice suits against court-appointed attorneys."). That claim may be the subject of a properly filed habeas petition, but it is improper under § 1983. Ineffective assistance of counsel claims, "lie within the core of habeas corpus." *Mount v. Wakefield*, 738 F. App'x 280 (5th Cir. 2018) (quoting *Wilkinson v. Dotson*, 544 U.S. 74, 79 (2005)). Thus, Overstreet fails to state a claim under § 1983 against his attorney.[2]

---

[2] Additionally, to the extent that Overstreet challenges his sentence on the basis that he was never informed of the ankle monitor requirement, habeas relief is the exclusive remedy available for those challenges. *See* 28 U.S.C. § 2241; *Clark v. Prichard*, 812 F.2d 991, 999 (5th Cir.1987) (noting that a probationer's challenge to a condition of probation must be sought in habeas corpus proceedings). However, Overstreet admits in his second show cause response that he declined to pursue post-conviction relief. Doc. [15], at 4.

d. *Heck* Doctrine

Additionally, Overstreet asserts claims barred by the *Heck* doctrine. *See generally Heck v. Humphrey*, 512 U.S. 477 (1994). Doc. [1,12, 15]. In *Heck*, the U.S. Supreme Court held that a plaintiff could not bring a § 1983 suit for damages that "necessarily require[s] . . . [him] to prove the unlawfulness of his conviction" or sentence. *Heck*, 512 U.S. at 487. There is one exception to the general rule: cases where the prospective plaintiff shows that the challenged "conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus[.]" *Id*. *See also McDonough v. Smith*, 139 S.Ct. 2149, 2157 (2019). Overstreet is directly challenging his sentence. Nothing in either his Complaint or show cause responses suggests that his conviction: "has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Heck*, 512 U.S. at 487. Consequently, his action is barred by *Heck*.

## RECOMMENDATION

Based on the foregoing, the undersigned recommends that Plaintiff John Howard Overstreet's 42 U.S.C. § 1983 prisoner civil rights complaint be dismissed with prejudice for failure to state a claim pursuant to 28 U.S.C. 1915(e)(2)(B)(ii). The undersigned therefore recommends that Overstreet be assessed a strike pursuant to 28 U.S.C. § 1915(g). Overstreet should be cautioned that if he acquires three or more strikes, he shall be barred from proceeding *in forma pauperis* unless he is under imminent danger of serious physical injury.

## NOTICE OF RIGHT TO APPEAL/OBJECT

Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to this report must serve and file written objections within fourteen (14) days after being served with a copy unless the time

period is modified by the District Court.  A party filing objections must specifically identify those findings, conclusions and recommendations to which objections are being made; the District Court need not consider frivolous, conclusive, or general objections.  Such party shall file the objections with the Clerk of the Court and serve the objections on the District Judge and on all other parties. A party's failure to file such objections to the proposed findings, conclusions and recommendation contained in this report shall bar that party from a de novo determination by the District Court. Additionally, a party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in this report within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions that have been accepted by the district court and for which there is no written objection. *Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1428–29 (5th Cir. 1996).

SO ORDERED AND ADJUDGED that this case is hereby DISMISSED WIH PREJUDICE as to all parties, this the 7th day of October 2022.

/s/ *Robert P. Myers, Jr.*
ROBERT P. MYERS, JR.
UNITED STATES MAGISTRATE JUDGE