IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

JOHN HOWARD OVERSTREET                          PLAINTIFF

VS.                                    CIVIL ACTION NO. 2:20cv124-KS-RPM

DOUG MILLER, CHIP LEWIS,
AND PRENTISS HARRELL                              DEFENDANTS


ORDER ACCEPTING MAGISTRATE JUDGE'S RECOMMENDATION
AND DISMISSING CASE WITH PREJUDICE, ETC.

This cause is before the Court on a Complaint filed under 42 U.S.C. §1983 by John Howard

Overstreet (Plaintiff), Report and Recommendation [22] entered by Magistrate Judge Robert

P. Meyers Jr.,  and Objections thereto [23] have been filed by Plaintiff. The Court has considered

the Report and Recommendation [22], the Objections thereto [23] and the record herein and

hereby finds as follows:


I. PROCEDURAL HISTORY

Plaintiff proceeding  *pro se* and *in forma pauperis* filed a 1983 Prisoner Civil Rights

Complaint [1] against Judge Prentiss Harrell, prosecutor Doug Miller, and public defender Chip

Lewis alleging that Judge Harrell failed to inform him that he would be required to wear an ankle

monitor as a condition of his probation. Two Orders to Show Cause requesting additional

information from Plaintiff were entered by the Court and the responses were of little help in

understanding the Complaint of the Plaintiff. Magistrate Judge Meyers found that Plaintiff's

Complaint failed to state a cause of action against the defendants. Judge Harrell is entitled to

judicial immunity, prosecutor Miller has prosecutorial immunity, and public defender Lewis is not a State actor unless he is conspiring with the prosecutor and there is no proof of same. Judge Myers explained in his Report and Recommendation the various immunities and also explained the Heck Doctrine[1] which also bars the action of Plaintiff. The Objection to the Report and Recommendation [23] misses the point and alleges no error in the Order of Judge Myers. Plaintiff simply says that he should not be required to wear an ankle monitor. Plaintiff does not address any of the reasons stated by Judge Myers for dismissing the Complaint.

The Court is unsure of what the facts are, but the Plaintiff complains that he is free of any Probation but still has to wear and ankle monitor. If this is the case, he should walk into the Probation Office and ask that the monitor be removed. If he is not on Probation then he should not be required to wear the monitor as a condition of nonexistent Probation if ordered by the Judge.

## II.  STANDARD OF REVIEW

When a party objects to a Report and Recommendation this Court is required to "make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made."  28 U.S.C. § 636(b)(1).  See also *Longmire v. Gust*, 921 F.2d 620, 623 (5th Cir. 1991) (Party is "entitled to a *de novo* review by an Article III Judge as to those issues to which an objection is made.") Such review means that this Court will examine the entire record and will make an independent assessment of the law. The Court is not

---

[1] *Heck v. Humphrey,* 512 U.S. 477 (1994). Doc. [1,12,15]

required, however, to reiterate the findings and conclusions of the Magistrate Judge. *Koetting v. Thompson*, 995 F.2d 37, 40 (5th Cir. 1993) nor need it consider objections that are frivolous, conclusive or general in nature. *Battle v. United States Parole Commission*, 834 F.2d 419, 421 (5th Cir. 1997). No factual objection is raised when a petitioner merely re-urges arguments contained in the original petition. *Edmond v. Collins*, 8 F.3d 290, 293 (5th Cir. 1993).


### III. PETITIONER OBJECTIONS AND ANALYSIS

The Petitioner files a rambling and lengthy Objection [23] to the Report and Recommendation. He spends most of his time addressing the Constitutional issues of search and seizure and the improprieties of him being required to wear a GPS location device. One other thing that should be noted is that the Petitioner states that he is appealing the decision. An appeal is not timely until a final order is entered. The Court is ignoring the language about appeal since it is untimely and considering only the Objections.

The Objections do not address the Report and Recommendation and the reasoning of the Magistrate Judge. While interesting, the Objection is irrelevant to the issues that are before this Court. One other interesting allegation in the Objection is that the Petitioner claims to be totally free from Department of Corrections supervision, but still required to wear a monitor. If it is true that he is totally free from Department of Corrections supervision, then he should go to the Probation Office and ask that the monitor be removed. He also states that Judge Prentiss Harrell directed that the monitor be taken off. If in fact what the Petitioner is stating is true then there is

no reason for the monitor. Petitioner's Objections are not well taken and are basically irrelevant to the issues that are before this Court.

## IV.  CONCLUSION

As required by 28 U.S.C. §636(b)(1) this Court has conducted an independent review of the entire record and a *de novo* review of the matters raised by the objection. For the reasons set forth above, this Court concludes that Overstreet's Objections lack merit and should be **overruled**. The Court further concludes that the proposed Report and Recommendation is an accurate statement of the facts and the correct analysis of the law in all regards. Therefore, the Court accepts, approves and adopts the Magistrate Judge's factual findings and legal conclusions contained in the Report and Recommendation.

Accordingly, it is ordered that United States Magistrate Judge Robert P. Meyers Jr.'s Report and Recommendation is accepted pursuant to 28 U.S.C. §636(b)(1) and that John Howard Overstreet's claim is DISMISSED WITH PREJUDICE for failure to state a claim pursuant to 28 U.S.C. 1915(e)(2)(B)(ii). The dismissal counts as a strike pursuant to 28 U.S.C. §1915(g) and Plaintiff is cautioned that if he acquires three or more strikes, he shall be barred from proceeding *in forma pauperis* unless he is under imminent danger of serious physical injury. Pending motion [24] is DENIED AS MOOT.

SO ORDERED this the ____5th____ day of January, 2023.


____s/Keith Starrett_____
UNITED STATES DISTRICT JUDGE